SWN.15884

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JERRY TUBBS** § | | |
|     **Plaintiff** § | | |
| § | | |
| **V.** § | | |
| § | **Civil Action No. _____** | |
| **SWIFT TRANSPORTATION** § | | |
| **SERVICES, LLC, and ALFREDO** § | | |
| **ROMANOS VILLAREAL** § | | |
|     **Defendants** § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **SWIFT TRANSPORTATION SERVICES, LLC** and **ALFREDO ROMANOS VILLAREAL**, Defendants in the above-referenced matter, and file this their Notice of Removal under 28 U.S.C. § 1332(a).

## I.
## INTRODUCTION

1. Plaintiff sued Defendants in the 341st Judicial District Court of Webb County, Texas, Cause No. 2022CVA001742D3, asserting personal injuries actions based on alleged negligence related to Plaintiff Tubbs' slip and fall work accident that occurred on or about October 20, 2022.

2. Defendant **SWIFT TRANSPORTATION SERVICES, LLC** was served with suit on February 10, 2023, and Defendant **ALFREDO ROMANOS VILLAREAL** was served with suit on February 09, 2023. Defendants, therefore, have filed this Notice of Removal within the thirty-day time period required by federal law.

3. There is diversity jurisdiction in this Court because there is complete diversity of citizenship after disregarding the citizenship of Defendant ALFREDO ROMANOS VILLAREAL, who was fraudulently/improperly joined as a Defendant for the sole purpose of trying to defeat diversity. Moreover, the alleged amount in controversy exceeds $1,000,000.00., exclusive of interest and costs.

4. Plaintiff JERRY TUBBS is a citizen of the State of Texas, and upon information and belief, is a resident of Hidalgo County, Texas.

5. Defendant SWIFT TRANSPORTATION SERVICES, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Arizona.

6. Although Plaintiff correctly asserts in his Original Petition that ALFREDO ROMANOS VILLAREAL is a resident of Laredo, Texas, Defendant VILLAREAL has been fraudulently/improperly joined in this matter for the sole purpose of trying to defeat diversity.

## II.
## BASIS FOR REMOVAL

7. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is one which is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Texas, and Defendant Swift Transportation Services, LLC is and was at the time this action was filed, a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Arizona. The sole member of Swift Transportation Services, LLC is Swift Services Holdings, Inc. Swift Services Holdings, Inc. is a corporation organized under

the laws of the State of Delaware with its principal place of business in the State of Arizona. The sole shareholder of Swift Services Holdings, Inc. is Swift Transportation Co., LLC. Swift Transportation Co., LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Arizona. The sole member of Swift Transportation Co., LLC is Knight-Swift Transportation Holdings Inc., a publicly traded corporation organized under the laws of the State of Delaware, with a principal place of business in the State of Arizona. Defendant Swift Transportation Services, LLC's citizenship as an LLC is determined by the citizenship of its members.[1] Accordingly, Plaintiff is diverse from Defendant Swift Transportation Services, LLC. Further, the citizenship of Defendant ALFREDO ROMANOS VILLAREAL must be disregarded because said Defendant was fraudulently/improperly named as a Defendant for the sole purpose of trying to defeat diversity.

8.   **Fraudulent/Improper Joinder**: Plaintiff names Defendant ALFREDO ROMANOS VILLAREAL as a defendant in Plaintiff's Original Petition and asserts that Defendant ALFREDO ROMANOS VILLAREAL is a resident of Laredo, Texas; however, ALFREDO ROMANOS VILLAREAL has been fraudulently/improperly joined in this matter by Plaintiff in an improper effort to defeat diversity jurisdiction. The doctrine of fraudulent joinder allows federal removal jurisdiction premised on diversity despite the presence of an improperly joined, non-diverse defendant.[2] Citizenship of a fraudulently joined party is totally disregarded in determining the Court's subject matter jurisdiction.[3] Fraudulent joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a

---

[1] *See* e.g., *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[2] *Salazar v. Allstate Tex. Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006).
[3] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

cause of action against the non-diverse defendant in state court.[4] Here, there is no possibility that Plaintiff can establish a cause of action against Defendant ALFREDO ROMANOS VILLAREAL under applicable state law. This type of fraudulent joinder may consist of (1) not pleading a factual basis for an element of the Plaintiff's claims against the non-diverse defendant, (2) pleading only a legally insufficient factual basis for an element of the claim against the non-diverse defendant, or (3) pleading a status of the non-diverse or local defendant when in fact the defendant lacks status.[5] In this case, Plaintiff fails to offer any specific facts to support any claims against Defendant ALFREDO ROMANOS VILLAREAL that would allow Plaintiff to recover against this alleged in-state defendant in his individual capacity (as opposed to recovery from Defendant Villareal's employer). Plaintiff's overbroad, vague and unsubstantiated pleadings fail to properly plead any facts to identify or show the relationship between the two Defendants or the relationship between Plaintiff and each of the Defendants, because Plaintiff knows that the disclosure of such omitted facts would reveal that Plaintiff cannot recover against this alleged in-state Defendant VILLAREAL in his individual capacity. Accordingly, Defendant ALFREDO ROMANOS VILLAREAL should be totally disregarded in determining diversity and the Court's subject matter jurisdiction.

9.	Defendant Swift Transportation Services, LLC, after disregarding the citizenship of the fraudulently/improperly joined Defendant VILLAREAL, is now, and was at the time the removed action was commenced, diverse in citizenship from the Plaintiff.  28 U.S.C. § 1332. Accordingly, because the notice of removal was filed within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief this removal is proper and timely

---

[4] *Id.* at 573.
[5] *Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc*. 157 F.Supp.2d 1018, 1037-38 (N.D. Iowa 2001).

under 28 U.S.C. §1446(b).

10.     The amount in controversy in this action, exclusive of interest and costs, exceeds the Court's minimum jurisdictional requirements and pleads damages pursuant to Tex. R. Civ. P. 47(c)(3).  Plaintiff seeks monetary relief "over $1,000,000.00."[6]

11.     All pleadings, process, orders, served upon Defendants in the state court action are attached to this Notice as Exhibit "A" as required by 28 U.S.C. § 1446(a). No other motions are pending before the state court.

12.     The United States District Court for the Southern District of Texas, Laredo Division, embraces Webb County, Texas, the place where the State Court Action was filed by Plaintiff and is pending.  This statement is not meant as a waiver of any argument that venue is improper in the location in which the State Court Action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

13.     Defendants are filing a copy of the Notice of Removal with the Clerk of the State Court in which the action had been pending.

WHEREFORE, Defendants SWIFT TRANSPORTATION SERVICES, LLC and ALFREDO ROMANOS VILLAREAL as parties in diversity with the Plaintiff, respectfully request that this action be immediately and entirely removed upon filing this Notice of Removal to the United States District Court for the Southern District of Texas, Laredo Division, and for such other and further relief to which they may show themselves to be justly entitled.

---

[6] *See* Plaintiff's Original Petition, page 4 at paragraph 11.

Respectfully Submitted,

**FEE, SMITH & SHARP, LLC**

/S/ JEFF C. WRIGHT
JEFF C. WRIGHT
Attorney-in-Charge
SBN:  24008306
Southern Admission No. 732554
Three Galleria Tower
13155 Noel Rd., Suite 1000
Dallas, TX  75240
(972) 934-9100 - Telephone
(972) 934-9200 – Facsimile
jwright@feesmith.com

**ATTORNEYS FOR DEFENDANTS
SWIFT TRANSPORTATION SERVICES, LLC,
and ALFREDO ROMANO VILLAREAL**

## CERTIFICATE OF SERVICE

I hereby certify that on **March 9, 2023,** I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cory D. Itkin
Jason A. Itkin
Alexander F. Poulson
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX  77007

*/s/ Jeff C. Wright*

**JEFF C. WRIGHT**